UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL HOWARD HUNTER,<br><br>            Plaintiff,<br><br>   vs.<br><br>GREGORY JOHNSON, LARRY STEINMETZ, WILLIAM GRANT, HAL WILSON, and RYAN GOLDEN,<br><br>           Defendants. | NO.  CV-09-165-JPH<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (Ct. Rec. 72). A motion under Federal Rule of Civil Procedure 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (quoting *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Fed. R. Civ. P. 60(b).

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake*

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

*Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly-discovered evidence that would justify this Court taking a second look at the issue in question. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

The Court finds no basis to reconsider its ruling dismissing this action due to Plaintiff's failure to pay the filing fee. Mr. Hunter initiated this action while a prisoner at the Spokane County Jail. At that time, he was precluded from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). He made no showing in his initial complaint that he was under imminent danger of serious physical injury. He did not pay the filing fee. His subsequent release, attempts to add a Plaintiff, and continued filing of subsequent documents is irrelevant in light of his failure to pay the filing fee as directed.

//
//
//
//
//

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

Accordingly, for the reasons set forth in the prior Order and Reports and Recommendations, **IT IS ORDERED** Plaintiff's Motion **(Ct. Rec. 72)** is **DENIED**. Again, the Court finds any appeal of this decision would not be taken in good faith.

**DATED** this   13th   day of January 2010.


                          s/Edward F. Shea
                           EDWARD F. SHEA
                    UNITED STATES DISTRICT JUDGE


Q:\Civil\2009\9cv165jph-1-13-denrecon.wpd

ORDER DENYING MOTION FOR RECONSIDERATION -- 3